The relief described hereinbelow is SO ORDERED.

Signed October 13, 2009.



_____
Ronald B. King
United States Chief Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

In Re:                                                                         Chapter 13
RICHARD COSTANCIO, JR

Debtor(s)                                                 Case No. 09-52249 K
SSN XXX-XX-1295

ORDER CONFIRMING THE DEBTOR'S PLAN
AWARDING A FEE TO THE DEBTOR'S
ATTORNEY, AND RELATED ORDERS

Following the meeting of creditors held pursuant to 11 U.S.C. Section 341, at
which the Debtor appeared in person to be examined by the creditors and other
interested parties, a hearing was held pursuant to 11 U.S.C. Section 1324.

The Debtor is herein referred to in the masculine singular, even though this
be a joint case or the Debtor be female. All references to "Rules" shall be
interpreted as referring to the Bankruptcy Rules, unless context indicates
otherwise.

At such hearing, the following objections to confirmation of the Debtor's Plan
were considered:

At the hearing, the Court considered the matters presented by the Trustee, the
Debtor's attorney, and by other interested parties, if any, and upon the
pleadings and statements of parties and of counsel, and on the evidence
presented, the Court finds that:

A. Written notice of the meeting of creditors held pursuant to 11 U.S.C §341 and of this hearing on the confirmation of the Plan was given as required by rule 2002;

B. The Plan as presented for confirmation (hereinafter referred to as the "Plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and other applicable provisions of said Title;

C. Any fee, charge, or other amount required under Chapter 123 of Title 28 or required by the Plan to be paid before confirmation has been paid;

D. The Plan has been proposed in good faith and not by any means forbidden by law;

E. _X_ As of the filing date of the Plan, the value of the property to be distributed to unsecured claims is not less than the amount they would receive if the estate of the Debtor was liquidated under Chapter 7 of Title 11 of the United States Code. The liquidation value, as of such date, of the Debtor's non-exempt property is $0.00.

OR

___ The Debtor will pay allowed unsecured claims the value of their claims plus interest at the rate of 5%. As of the filing date of the plan, the liquidation value of the Debtor's Non-exempt property is $0.00.

F. With respect to each allowed secured claim provided for by the Plan, the holder of such claim either accepted, or was deemed to have accepted, the Plan or, in the alternative,

(1).(a). The Plan provides that the holder of such claim retain the lien securing such claim, and

(b). The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim;

OR

(2). The Plan proposes to surrender the property securing such claim to the creditor.

G. The Plan provides for payment in full of all claims entitled to priority as defined in 11 U.S.C. section 507, the present value of all allowed secured claims, and (CHOOSE ONE)

(1). An amount no less than ___ percent of each allowed unsecured claim,

OR

(2). The Debtor's total payment to the Trustee under the Plan shall not be less than $29,400.00.

**IT IS ORDERED THAT:**

1. The Debtor's Plan is confirmed and (if appropriate) for cause shown, payments for a period not to exceed sixty (60) months are approved.

2. The Debtor or his employer shall make the payments to the Trustee required by the Plan. At any time during the pendency of the case, the Trustee may request the Court enter an order directing the Debtor's employer to make the appropriate payroll deductions and payments to the Trustee or to pay the Debtor's entire earnings and wages to the Trustee as prescribed by 11 U.S.C section 1325(b). Such an Order may be issued without further notice.

3. The Debtor shall, when applicable, obtain the approval of the Court prior to incurring additional consumer debt. Failure to obtain such approval, if applicable, may cause the claim for such debt to be unallowable to the creditor (11 U.S.C. section 1305(c)) and the debt to be nondischargeable for the Debtor (11 U.S.C. section 1328(d)).

4. The Trustee shall:

(a). Keep a detailed report of all receipts, including the source or other identification of each receipt, and of all distributions (Rule 2015); and

(b). Deposit all funds received by him under the Plan with an entity that provides insurance guaranties or deposits in the manner prescribed by 11 U.S.C. section 345, and make distribution thereof in the manner provided by Rule 3021.

5. Pursuant to 11 U.S.C. section 1326, the order of payment, unless otherwise directed, shall be:

(a). Any unpaid claim of the kind specified in section 507(a)(1) of Title 11 of the United States Code;

(b). The percentage fee fixed for the Trustee pursuant to section 586(e)(1)(B) of Title 28;

(c). Creditors whose claims are filed and allowed in such amounts and order of preference as may be provided by the Plan or as may be required to provide adequate protection of the interest of any entity with an interest in the property of the estate.

6. The Trustee, the Debtor, and the Debtor's attorney shall examine proofs of claim or summaries thereof and shall object to the allowance of improper claims as provided by Rule 3007.

(a). The Trustee shall file and serve all parties in interest with the Trustee's Recommendation Concerning Claims within ninety (90) days following the claim filing deadline. Such Trustee's Recommendation Concerning Claims shall include the Trustee's objections to claims, if any, recommendations as to the extent and validity of each creditor's security interest, if any, and recommendations as to the value of any collateral not previously valued by the Court. The Trustee's Recommendation Concerning Claims shall be deemed to be an objection to claims, a motion to value any such collateral, and an action to determine the validity of each creditor's security interest or an action to avoid any such security interest as set forth therein.

(b). Unless an objection or response is timely filed as to the treatment of any claim, the claim will be allowed only in the manner and amount listed in the Trustee's Recommendation Concerning Claims, and such treatment will be final and binding on all parties without

further order of the Court.

(c). Responses or objections to the Trustee's Recommendation Concerning Claims, must be filed within thirty (30) days from the date of service of the Trustee's Recommendation Concerning Claims.

(d). The Trustee's Recommendation Concerning Claims shall additionally contain notice of the bar date for any additional objections to claims, which date is fixed at thirty (30) days following the date of service of the Trustee's Recommendation Concerning Claims.

7. The Trustee shall maintain records (which may be in electronic form) reflecting funds received and disbursements made, and shall furnish such report to any interested party requesting copy of same, at no charge. Also, upon completion of the Plan, file with the Court a final report and account containing or incorporating by reference a detailed statement of receipts and disbursements (Rule 2015).

8. Ninety (90) days after the final distribution, the Trustee shall stop payment of all checks then unpaid and file with the Clerk of the Court a list of names and addresses, so far as known, of the persons entitled to such payments and the amounts thereof. The unclaimed funds shall thereupon be deposited in the registry of the United States Bankruptcy Court and may be withdrawn as provided in 28 U.S.C. section 2041.

9. All property of the estate, including any income, earnings, or other property which may become part of the estate during the administration of the case, shall not revest in the Debtor. Such property as may revest in the Debtor shall so revest only upon further Order of the Court or upon dismissal, conversion, or discharge. Debtor shall maintain adequate insurance coverage on all property for which any creditor holds a lien unless such insurance coverage is specifically waived by such secured creditor. Further, the Trustee has no obligation or responsibility to obtain insurance for the Debtor or monitor the Debtor to insure that insurance has been obtained or maintained as required by this Order.

10. The Chapter 13 Trustee shall review all claims and the feasibility of the Plan prior to filing the Trustee's Recommendation Concerning Claims. If at that time the Plan is no longer feasible, the Trustee shall notify the Debtor and his attorney, in writing, of the infeasibility of the Plan. If forty-five (45) days after the service of the Trustee's Recommendation Concerning Claims the Plan remains infeasible, the Trustee shall file a Motion to Modify the Plan and/or a Motion to Dismiss the case.

Further, if at any time during the term of the Chapter 13 case, a claim is allowed which makes the Plan infeasible, the Chapter 13 Trustee shall notify the Debtor and his attorney, in writing, of the infeasibility of the Plan. If the Plan remains infeasible for thirty (30) days after such notice, the Trustee shall file a Motion to Modify the Plan and/or an alternative Motion to Dismiss the case.

11. At the time of the issuance of this Order Confirming the Plan, the the time for filing claims in this case may not have expired. Consequently, the Court specifically reserves the right in the future to:

(a). Alter or sustain an objection to the secured status of a claim filed as secured either before or after the entry of this Order Confirming Plan, and value the collateral securing any such claim to the extent not previously valued herein or otherwise by the Court;

(b). Enter a Final Order after notice and hearing on any responses or objections to the Trustee's Recommendation Concerning Claims, and on any

additional objection(s) to claims timely filed by a party in interest;

(c). At any time during the pendency of this case, entertain a motion to alter or sustain an objection to the secured status of a claim filed as secured after the bar date for filing claims has expired, or to value the collateral securing any such claim to the extent not previously valued by the Court.

12. All creditors having allowed secured claims (whether filed before or after this Order Confirming Plan) shall be treated in accordance with section 1325(a)(5), except as otherwise specifically set forth herein. The collateral securing creditor's claims provided for under the Debtor's Plan is hereby valued by the Court at the values set forth below.

(a). When the value of the collateral securing a timely filed proof of claim of any taxing authority differs from the value shown on the Debtor's Plan, the Trustee will use the value shown on the creditor's proof of claim. All parties will be noticed of this valuation through the Trustee's Recommendation Concerning Claims and disputed valuations may be resolved by the Court, by agreement or objection.

(b). In those instances where no objection was filed to Confirmation of the Debtor's Plan contesting the Debtor's valuation of collateral securing a creditor's claim, the value of such collateral is fixed at the values provided in the Debtor's Plan (which values include any valuation of collateral agreed to by the Debtor at the meeting of creditors held pursuant to 11 U.S.C. section 341, such agreed values being hereby deemed a modification and/or supplementation to the Debtor's Plan), as follows:

| CREDITORS | COLLATERAL | VALUE |
|---|---|---|
| SEE ATTACHMENT A-1 | | |

(c). In those instances, if any, where an objection was filed to the valuation of collateral as provided in the Debtor's Plan, the Court determines and fixes the value of such collateral as follows:

| CREDITORS | COLLATERAL | VALUE |
|---|---|---|

(d). In the event a creditor timely files a proof of claim which evidences a perfected security interest in collateral which was not specified by the Plan and not previously valued by the Court, such collateral will be valued by the Court at the value set forth in the Trustee's Recommendation Concerning Claims to be filed herein, unless a response to such Trustee's Recommendation Concerning Claims is timely filed. Such Trustee's Recommendation Concerning Claims is to be filed and served within ninety (90) days following the deadline for filing proofs of claims. Responses to such Trustee's Recommendation Concerning Claims must be filed within the time and in the manner provided in such Trustee's Recommendation Concerning Claims.

(e). The valuation of collateral by the Court as set forth above shall not relieve a secured creditor from the duty to file a proof of claim in order to

be paid under the Plan. Further, such valuation shall not preclude any party from objecting to the amount claimed by any such creditor, or from bringing an action to determine the extent or validity of such creditor's security interest or to avoid any such security interest.

ALLOWANCE OF ATTORNEY'S FEES:

Debtor's Attorney: RICK FLUME

Business Case: Yes \_\_\_   No _X_

The application by the attorney for the Debtor for the allowance of reasonable compensation as authorized by 11 U.S.C section 330, having been considered, the Court finds that a reasonable fee for the services performed and undertaken by such attorney is **$3,200.00** of which **$51.00** was paid to such attorney prior to filing of the petition initiating this proceeding.

The balance of such fee **$3,149.00** shall be paid by the Trustee from monies received under the Debtor's Plan; provided, however, that such payments shall be deferred in time to payments, if any, which may be required to provide adequate protection of the interest of the holders of any secured claims.

OR

The attorney for the Debtor shall file an application for the allowance of compensation as authorized by 11 U.S.C. section 330.

OR

The attorney for the Debtor has requested that he be paid no fee in this case and has not filed an application for the allowance of reasonable compensation as authorized by 11 U.S.C. section 330. Accordingly, no attorney's fee will be paid by the Trustee from the monies received under the Debtor's Plan.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE: CHAPTER 13

09-52249 K

RICHARD COSTANCIO, JR

DEBTOR(S)

---

SCHEDULE A - 1

---

| CREDITOR | COLLATERAL | VALUE |
|---|---|---|
| CITIMORTGAGE INC | 3518 JOSHUA BATTON/SURR- $83 | SURRENDERED |
| GMAC MORTGAGE | 3518 JOSHUA BATN/2ND LN/SURR | SURRENDERED |
| Heather Constancio | NOTICE ONLY/CH SUP/DSO | ARREARS |
| HSBC RETAIL SERVICES | 07 SUZUKI/STOLEN/SURRENDERI | SURRENDERED |
| HSBC RETAIL SERVICES | 08 KAWASAKI/SURRENDERED TO | SURRENDERED |
| INTERNAL REVENUE SERVICE | 2008 TAXES | PRIORITY |
| SECURITY SERVICE FCU | 07 MAZDA 3 | 7.00% FULLY SECURED BY VEHICLE |
| SYLVIA ROMO | 09 TAXES-OUT BY MTG | OUTSIDE PLAN |

THE PLAN PAYMENT IS **$490.00** FOR (**60**) MONTHS FOR A TOTAL BASE AMOUNT OF **$29,400.00**

###